**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AMARJIT SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-330-G** |
| | ) | |
| **CHRIS GANTT, Warden of the Cimarron Correctional Facility, Oklahoma, in his official capacity, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Amarjit Singh filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 16),[2] to which Petitioner has replied (Doc. No. 19).

*I. Background*

Petitioner is a "citizen of India" who entered the United States on April 26, 2023. Pet. ¶¶ 30-31. After entering, he "was encountered by U.S. Border Patrol," "taken into custody," and charged under 8 U.S.C. § 1182(a)(6)(A)(i) for being "present in the United

---

[1] Warden Chris Gantt, Markwayne Mullin, Secretary, U.S. Department of Homeland Security, David J. Venturella, Acting Director of U.S. Immigration and Customs Enforcement, and Todd Blanche, U.S. Attorney General, are hereby substituted as respondents for Scarlet Grant, Kristi Noem, Todd M. Lyons, and Pamela Bondi, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] The appearing respondents are: Immigration and Customs Enforcement Field Office Director for the Dallas Field Office, U.S. Immigration and Customs Enforcement; Secretary Mullin; Acting Director Venturella; and Attorney General Blanche.

States without being admitted or paroled." *Id.* ¶ 32. On May 29, 2023, ICE "released" Petitioner "on his own recognizance." *Id.* ¶ 34.

On July 20, 2023, Petitioner filed an "application for asylum, withholding of removal, and relief under the Convention Against Torture." *Id.* ¶ 36. Additionally, "Petitioner applied for and received employment authorization." *Id.* ¶ 38.

On September 5, 2025, upon encountering Petitioner at the scene of a vehicle accident, "the Oklahoma Highway Patrol took Petitioner into custody and notified ICE." *Id.* ¶ 40; *see also* Answer at 13. Petitioner was "transferred to ICE custody" on September 7, 2025, and placed in detention. Pet. ¶ 41; *see also* Answer at 13. Petitioner is now detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. ¶ 43.

"Petitioner appeared for a custody redetermination hearing before the immigration court" on January 9, 2026. *Id.* ¶ 44. The Petition states that "[t]he immigration judge determined that she lacked jurisdiction and denied Petitioner's request for bond." *Id.* According to Respondents, and as reflected in the Order of the Immigration Judge, the Immigration Judge "denied Petitioner's custody redetermination on two grounds." Answer at 13; *see id.* Ex. 2, I.J. Order (Doc. No. 16-2) at 1-2. First, Petitioner's request was denied based upon a lack of jurisdiction pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, under 8 U.S.C. § 1225(b)(2)(A), noncitizens who entered the country without admission or parole are ineligible for a bond hearing. *See* I.J. Order at 1.[3] Second, the Order states: "In the

[3] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act]

alternative, and after hearing and considering the totality of the evidence before the Court, the Court denies bond based on its finding that [Petitioner] presents a flight risk." *Id.* There is no indication in the record that Petitioner appealed the Immigration Judge's order.

On February 22, 2026, an Immigration Judge "denied Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture" and "ordered that Petitioner be removed to India." Answer at 14; *see also id.* Ex. 3, Removal Order (Doc. No. 16-3). Petitioner appealed the removal order, and the appeal remains pending. Answer at 14 & n.3.

*II. Discussion*

*A. Summary of the Pleadings*

Because he "is not subject to mandatory detention," Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., as well as the due process rights afforded him under the Fifth Amendment. *See* Pet. ¶¶ 47-56, 57-102. Petitioner seeks habeas relief in the form of immediate release from detention or, alternatively, provision of a bond hearing. *See id.* ¶¶ 128-131.

Respondents argue that "[t]his case turns on the plain language of the INA," that Petitioner's detention is "appropriately governed by § 1225," and that the January 9, 2026

---

may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

bond redetermination hearing "addressed the substantive merits" of Petitioner's claims. Answer at 8, 15-20, 26.

*B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Petitioner's INA claim is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, in which that court held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239-40 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to [8 U.S.C. § 1226(a)] (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶ 40; *Santillan Quiroz*, 180 F.4th at 1233-34. Accordingly, § 1225(b)(2)(A) is inapplicable, and Petitioner has shown a violation of the INA. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.

*C. The Relief Afforded to Petitioner*

Section 1226(a) provides immigration officials "the discretion to either detain a noncitizen or release the noncitizen on bond." *Tagirov v. Blanche*, No. CIV-26-3-JD, 2026 WL 1984350, at *5 (W.D. Okla. July 9, 2026) (R. & R.) (internal quotation marks omitted),

*adopted*, 2026 WL 2450266 (W.D. Okla. Aug. 20, 2026); *see also Santillan Quiroz*, 180 F.4th at 1234. Administration of "an individualized custody redetermination hearing" provides a noncitizen "with the process he is due under" § 1226(a). *Tagirov*, 2026 WL 1984350, at *5 (internal quotation marks omitted).

Upon determining that a habeas petitioner is detained pursuant to 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A), the Court typically orders that the petitioner be provided with an individualized bond hearing pursuant to § 1226(a) and *Santillan Quiroz*. *See, e.g.*, *Singh v. Johnson*, No. CIV-26-308-G, 2026 WL 2455927, at *2 (W.D. Okla. Aug. 21, 2026).

As noted, however, Petitioner received such a hearing on January 9, 2026. Further, Petitioner seeks immediate release, arguing that a second bond hearing "would not cure the procedural due process and statutory violations that occurred at the onset of [his] detention." Pet. ¶ 56. Petitioner broadly alleges that he was deprived of his liberty "without constitutionally adequate process" because the Respondents took him back into custody "without notice, without a meaningful opportunity to be heard, and without an individualized determination that renewed detention was necessary." *Id.* ¶ 8. The Petition states: "On a nationwide level, immigration judges have reportedly been systematically denying bond based on a baseless finding of 'flight risk.'" *Id.* ¶ 119.

Respondents argue that Petitioner already received the process due because, at Petitioner's January 9, 2026 bond hearing, the Immigration Judge addressed the merits of Petitioner's custody redetermination request in ruling in the alternative that, "after hearing

and considering the totality of the evidence before the Court," Petitioner "presents a flight risk." I.J. Order at 1; *see* Answer at 15, 26.

"The determination of bond under § 1226(a) is within the purview of the [Immigration Judge], who considers whether a noncitizen is a flight risk or danger to the community." *Tagirov*, 2026 WL 1984350, at *6 (citing 8 C.F.R. § 236.1(c)). The Court is barred by 8 U.S.C. § 1226(e) from reviewing an Immigration Judge's "discretionary determination" on a noncitizen's request for release on bond under § 1226(a). *Id.*; *see also* 8 U.S.C. § 1226(e). Section 1226(e), however, "does not deprive the Court of jurisdiction over constitutional claims or questions of law relating to the bond determination hearing." *Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *8 (W.D. Okla. Apr. 3, 2026) (R. & R.), *adopted*, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026). A showing that a noncitizen "was denied the opportunity to present evidence at [a] bond hearing or that the [Immigration Judge] improperly shifted the burden of proof," for example, could support a finding that a bond hearing was "legally erroneous or unconstitutional." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (citing *Barreno v. Baltasar*, No. 025-cv-03017, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025)).

The Petition does not plausibly allege that Petitioner's January 9, 2026 bond hearing was constitutionally deficient. The Petition's assertions regarding a "nationwide" and "systematic[]" denial of bond "based on a baseless finding of 'flight risk'" are too general to establish that Petitioner's specific hearing was deficient. And the conclusory allegation that Petitioner did not receive an "individualized determination" at his bond hearing fails

to reasonably demonstrate a lack of opportunity to present evidence or an improper shifting of the burden. Pet. ¶¶ 8, 44, 121, 103-120.

In the Reply, Petitioner argues that at the January 9, 2026 hearing, "because the [Immigration Judge] concluded that no jurisdiction existed, Petitioner was not afforded a meaningful opportunity to present evidence, contest evidence presented by [the U.S. Department of Homeland Security], or litigate the custody determination before the immigration court." Pet'r's Reply at 17. The Reply therefore contends that the January 9, 2026 custody redetermination failed to "cure the due process violation that occurred at the onset of Petitioner's re-detention." *Id.* at 7, 16-17.[4]

This challenge to the January 9, 2026 hearing was not alleged in the pleading. A habeas petition "must . . . specify all the grounds for relief available" and "state the facts supporting each ground." R. 2(c), R. Governing § 2254 Cases in U.S. Dist. Cts.; *see also id.* R. 1(b). Further, even if considered, Petitioner's challenge is presented only through minimal briefing and without reference to evidence in the record. Such "arguments about

[4] Petitioner's Reply also contends that the Immigration Judge did not sufficiently identify what factors and evidence were considered to support the flight-risk holding and that the relevant factors "strongly favor Petitioner." Pet'r's Reply at 17-18. As discussed above, "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision [of an Immigration Judge] to either grant or deny bond." *Kumar*, 2026 WL 753944, at *2; *see also Hernandez v. Holder*, 450 F. App'x 773, 775 (10th Cir. 2011).

the adequacy of the bond hearing are too underdeveloped to warrant habeas relief." *Kumar*, 2026 WL 753944, at *2; *see also Tagirov*, 2026 WL 1984350, at *6.[5]

Based on the record before the Court, Petitioner has received the process due under 8 U.S.C. § 1226(a), and the Court declines to order further relief. *See Kumar*, 2026 WL 753944, at *2.[6]

*D. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. ¶ 135.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's INA violation claim. The Court finds that Petitioner is subject to

[5] Petitioner also argues in the Reply that his "continued detention has become unreasonably prolonged," such that Respondents "cannot rely on the prior custody proceeding to justify Petitioner's continued detention." Pet'r's Reply at 19-24. Petitioner has not sought leave to amend the Petition to add these factual assertions or any new claims.

[6] The Court need not address Petitioner's claim that his re-detention is violative of due process "because, at most, he would only be entitled to relief in the form of a bond hearing, which he has already received." *Tagirov*, 2026 WL 1984350, at *7; *see* Pet. ¶¶ 57-102.

detention pursuant to 8 U.S.C. § 1226(a) and may not be denied a custody redetermination solely on the basis that he is detained under 8 U.S.C. § 1225(b)(2)(A).

2. Petitioner's Second Motion for Temporary Restraining Order (Doc. No. 8) and Motion to Expedite (Doc. No. 20) are DENIED as moot; and

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge